May it please the court, my name is Jeffrey Mason Ely on behalf of the petitioner, Mr. K. Da Fu. Your honors, the crux of this case appears to be the issue of whether Mr. Fu established a well-founded fear of future persecution in order to qualify for asylum relief. It appears that there is a high probability he would be persecuted because he disclosed quote-unquote state secrets, which was information on his meager salary, in light of the fact that the government withheld a large portion of his salary in contravention of international agreements. Such a disclosure would have been embarrassing to the Chinese leadership and thus constituted a political act. Further, the government had told him that matters such as his pay were state secrets and were not to be revealed to anyone. Finally, according to the record, the Chinese government also considered information on the treatment and conditions of Chinese nationals working aboard foreign flag ships, subject to international conventions, to be considered a state secret. Isn't this case condemned? They found your client credible. And then the board or the IJ found that there was no showing that the government was aware of his discussions of the state secrets as their state secrets. And that's contrary to the record because he testified that the commissar talked to him about it. Yes, Your Honor, the commissar talked to him about it. Beyond that, the IJ or the board didn't resolve any of the issues. Well, Your Honor, the issue of actual knowledge, according to the Mogherabi case, the requirement that the government had actual knowledge was reduced to whether the prosecutor could become aware. The commissar, the political commissar aboard... But didn't he testify that the government had actual knowledge? Well, yes, he did, Your Honor. And his testimony is deemed credible. And his testimony was deemed credible. That's correct. So there are two questions. If we were to come to that conclusion that the board erred, clearly erred, in saying that there was no reason to believe that they had knowledge, then the board didn't go beyond that, did it? No. So that would have to go back for all the issues that you were just starting to talk about. That's correct, Your Honor, all of the issues. Are there any further questions? You can reserve the rest of your time. I will reserve the rest of my time. Thank you. Just one other question. Sure. The board, I mean, there's also some notion that he could be persecuted for having deserted, which is separate. Yes. Are you making that argument as a separate political opinion argument? No. Our primary purpose, our primary argument is the fact that there was knowledge that he... As to the state secret. As to the state secret. So you're not really relying on this desertion thing. Yes, and there's great evidence in the record to show that salaries are considered states. I understand that, but I asked you a separate question, which is, are you separately relying? No, that is not our primary purpose. Good morning, Your Honors, and may it please the Court, Daniel Smule on behalf of the Respondent. By his own admission, Mr. Fu was never harmed, arrested, detained, persecuted in any manner whatsoever. The question is whether there is a well-founded fear of future persecution. That is precisely the question. In this case, there is on this record evidence that there is not, Your Honor. The reason is that... Is that what the board decided with regard to this? I mean, one thing I noticed is that there was a disconnect between what the board decided and your brief, because your brief really didn't rely on this notion that the government didn't know about the purported state secret. Well, there were, you'll recall, two evidentiary hearings. The first with respect to asylum and withholding of removal, and a subsequent hearing with respect to the torture convention. Page 639 of the record, Mr. Fu in the initial hearing testified, well, perhaps there are rumors. Isn't that what I asked? This is so frustrating. I asked you a specific question. Is it correct that you're not relying, your brief did not rely on what the board actually decided with regard to the state secrets issue, which is that the government, there was no evidence that the government knew about it? That is correct, Your Honor. All right. Instead, you were arguing the merits of the question of whether if he was persecuted for that reason it would be a political opinion persecution. That's part of our argument. The other is that, in fact, the board was absolutely correct that he failed to prove a well-founded fear of persecution. But they didn't decide it on that basis. They decided it on the ground that the government didn't know about it. If you're not defending that, why don't we just all go home, go back to the board, and we can find out what they think after that. Your Honor, the board is quite clear that they agreed with the immigration judge, it's page 2 of the administrative record, that we agree with the immigration judge that the respondent, in this case Mr. Fu, failed to prove his eligibility for asylum. That, of course, by statute, is a well-founded fear of future persecution. What were the reasons why the immigration judge found that? Because he said the government didn't know about it, right? That is one of the reasons. What other reason was there? The other reason is that even if the government did know about it, there's no evidence that, in assuming that they had charged him, and you'll recall, Your Honor, that some 200 days passed from the time that he abandoned SHIP in August 1990 until Mr. Fu received any notice whatsoever, and here it related specifically and solely to his absenteeism, that they were going to charge him, that they intend to charge him, and that even if they did charge him for disclosing state secrets, we have to get to the next step of the analysis, which is whether that is inherently persecutory in nature. And on this record evidence, it is emphatically not. Is that what the board said, that it is emphatically not? Excuse me, Your Honor? Is that what the board said, the IJ said, that on this record it is emphatically not?  He failed to sustain his burden of proof. By doing what? By failing to prove a well-founded fear of persecution. So they've decided all of the issues in this case? Yes, they have. Okay. So we should decide whether that is correct? Yes, Your Honor, that's our position. And on this record it is absolutely correct. And specifically, Your Honor, even if we get to the point that the Chinese government is aware of Mr. Fu's action, and bear in mind that this took place in 1990, so we're talking about 21 years. Could you point to me where, I mean, maybe it's here and I missed it, but where in the IJ opinion, since the BIA approved the IJ's reasoning, he held that even if the government was aware of it, he still had no well-founded fear of persecution on that ground. Where is that in the IJ's opinion? The IJ didn't get to that point. Exactly. He didn't get to that point. And the BIA didn't get to that point either, then. The IJ didn't need to get to that point. Because it's inherent, it's implicit in the decision. Implicit? They didn't say it, it's implicit. Failing to prove a well-founded fear of persecution. I mean, there's no... You know, you must know better than that. You must know that we can only review what the IJ actually decided. Yes. And where did he decide anything other than that the government did not have knowledge? What the IJ did was ultimately decided that he failed to prove his eligibility for relief. For what reason? For what reason? Because there is no evidence on this record that he would be persecuted upon his return to China for divulging state secrets. And nothing on this record compels a contrary finding, which is what the court reviews for. Okay, so look at ER 607. That's where the IJ gives his rationale for deciding that he wouldn't be persecuted by the... Well, he didn't have an objective basis for fearing that he'd be persecuted because, he says, we had a lot of questions at the hearing as to how he knew the government would know or why he would think the government would know. And there never really was an adequate answer to that. That he fears the government would know is fairly obvious. However, there doesn't appear to be any objective reason to believe that the government would know. Now, he also found that Fu was credible. And Fu testified that there was a political commissar on board, and he knew that he had numerous conversations with the chief engineer and knew it was he who had revealed the salary, which was deemed a state secret. So why isn't that finding by the IJ contrary to what the record was? There are a couple of reasons, Your Honor. Number one is that initially at his asylum withholding hearing, he said there were simply rumors. And that's not rumors that the Chinese government knew of his conduct. But that's initially. But there was a second hearing. There was a second hearing which was limited specifically to Kat by agreement of the parties and more specifically by. Except it didn't play out that way. It largely did, Your Honor. But even taking that, accepting that point, Your Honor, there is record evidence submitted by Mr. Fu, objective evidence, and I refer, Your Honor, to page 809 and subsequently a report from Amnesty International which deals specifically with Chinese seamen who disclosed their salaries in contravention of the law. And that report goes on to say that those individuals, some of them were tried, were held without charges. Was that the basis of the opinion? Excuse me? Did the IJ or the BIA find anything on that subject? They did not. They did not. And I'm really sort of surprised by your position here. Because you seem to recognize, you seem to recognize in your brief, by not defending it, that the issue they did decide is against the record, and then we're finished. I don't think it's as clear cut as that, Your Honor. Well, you certainly didn't defend it in your brief. Your brief doesn't defend the notion that he, that the government didn't know it. Your brief goes on with a very elaborate argument, which maybe is right and maybe it's wrong, but it belongs before the Board, that this is not public opinion discrimination, even assuming it existed. Yes, and that goes specifically to what the Board decided. Didn't decide. Specifically what it decided is he failed to, he failed in his burden of proof. That is precisely what the Board held. He failed in his burden of proof. In what respect did the Board say? The Board said little more than that, Your Honor. There's no question. You'll read the. If he didn't show the government was aware of it, he failed in his burden of proof. I'm sorry, could you repeat that please, Your Honor? He said if he did not show that the government was aware of his disclosure of state secrets, then he failed in his burden of proof. Yes, and that even if. So that's all it says. On this record, even if he had demonstrated. But they didn't say that. Excuse me? They didn't say that. You're saying that. And, you know, if you want to take the position that we are free in all of our cases to go beyond what the Board decided. And we don't have to remand for the issues that they haven't decided. But we can decide them on our own. That would be a marvelous change in the law. And it's not a change in the law that we're advocating. And that's plainly a step. Well, that's a step well beyond what we're advocating, Your Honor. Okay. What we're suggesting is that the record evidence suggests, and again, I go back to page 809 of the record in the Amnesty International report that Mr. Fu himself submitted. Okay, but that position is exactly the one that Judge Reinhart just explained we can't do, i.e., the question isn't what the record evidence shows. The question is what was decided. If, Your Honors, were to remand for this point, I would suggest that what it's essentially telling the immigration judge and the Board, contrary to this court's precedent, it's that it must write an exegesis as to every factual piece of evidence that's in the record. And that is not the law. Can you show me where the IJ ever decided anything about the issue that you now say is clear in the record? I cannot. No. Now, what the IJ did do was discuss the very issue, which is, and I go to the presumed expert, non-expert witness who testified as to country conditions. Now, the IJ said specifically, we are looking for people who jumped, Chinese seafarers who jumped ship was the IJ's term. That's a different question. And disclosed the state secrets. That's the jump ship question. And on the jump ship question, you just heard the petitioner's lawyer say he's not relying on that. That's the jump ship question. It's different. Now, as to the state secrets, he failed to prove his eligibility for asylum. I mean, the record is clear. The board was clear. It did not go to the level of specificity. We're all repeating ourselves, so we will just put it in writing. And time is up. If there are no further questions, I'd ask the board to deny the petition for review for the reasons that the board stated. Thank you.
judges: Reinhardt, Wardlaw, Berzon